# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ERICA L. MCGAUGHEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-3804 |
| § | |
| SBC COMMUNICATIONS, *et al.*, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

This court entered final judgment for defendant, SBC Communications, on June 14, 2006. SBC moved to tax the costs of court against plaintiff, Erica McGaughey, and filed a bill of costs in the amount of $11,619.05. (Docket Entry No. 37). McGaughey objects to the entire bill of costs. (Docket Entry No. 38). Based on the motion, the objections, the parties' submissions, and the applicable law, this court grants McGaughey's objections in part and denies them in part and awards SBC costs in the amount of $6,271.96. The reasons are explained below.

Rule 54 of the Federal Rules of Civil Procedure provides that "[e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1); *see also Gaddis v. U.S.*, 381 F.3d 444, 452 (5th Cir. 2004). The Fifth Circuit "recognizes[s] a strong presumption that the court will

award costs to the prevailing party." *Salley v. E.I. DuPont de nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) (citing *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990)). 28 U.S.C. § 1920 enumerates the costs that may be taxed against a losing party:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) fees of the clerk and marshal;
> (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) fees and disbursements for printing and witnesses;
> (4) fees for exemplification and copies fo papers necessarily obtained for use in the case;
> (5) docket fees under section 1923 of this title;
> (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. The party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a particular item was "necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

SBC asks for $11,619.05 in costs and expenses with a supporting affidavit from counsel stating that the costs are correct and were actually, reasonably, and necessarily incurred in the case. (Docket Entry No. 37 at 3–4). SBC's costs include $4,468.19 for court reporter fees and transcripts for the depositions of Erika McGaughey, John Kirby, and Cyrus

Sajadi; $1,190 for the expert witness fee for the deposition of Dr. Cyrus Sajadi; and $5,960.86 for the fees for exemplification and copies of papers, including records relating to McGaughey from the Texas Workforce Commission, the Social Security Administration, the Internal Revenue Service, and for various medical, education, and employment records for McGaughey.

McGaughey objects to SBC's bill of costs because the court did not award costs in the memorandum and order in which it disposed of McGaughey's case. Rule 54(d) awards costs to the prevailing party "as of course" "unless the court otherwise directs." It does not require that the court expressly award costs to the prevailing party in the final judgment. The Fifth Circuit, in explaining that interest on an award of costs runs from the date that the judgment is entered, rather than the date that costs are calculated, implicitly recognized that the two dates can be — and often are — different:

> The relevant judgment for purposes of determining when interest begins to run is the judgment establishing the right to fees or costs, as the case may be. If costs are allowed without express mention in the judgment, the date of the judgment starts the accrual of interest on the costs due. If, as in the usual course, the amount of costs is later determined by the clerk, interest will nonetheless run from the date of the judgment allowing costs either expressly or by legal implication.

*Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544–45 (5th Cir. 1983) (en banc) (overruled in part on other grounds, *Affiliated Capital Corp. v. City of Houston*, 793 F.2d 706 (5th Cir. 1986)) (*quoted in Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331–32 (5th Cir. 1995)). Defendant's objection to SBC's bill of costs on the ground that this court did not explicitly grant SBC costs is denied.

SBC asks for $1,190.00 it paid as a fee to Dr. Cyrus Sajadi, McGaughey's expert witness who opined that McGaughey suffers from posttraumatic stress disorder as a result of "circumstances surrounding her employment," including her demotion and personality conflicts with coworkers. (Docket Entry No. 24). This cost was paid directly to Sajadi and is in addition to the amount that SBC paid for the court reporter fees and the cost of obtaining Sajadi's deposition transcript. (Docket Entry No. 37). McGaughey argues that SBC should pay Sajadi's fee for attending the deposition. Ordinarily, recovery of expert fees is limited to the statutory amounts authorized under 28 U.S.C. §§ 1821, 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987) ("[W]hen a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary."). Rule 26(b)(4), however, provides an independent basis for recovery of fees paid to depose an expert witness during discovery. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 321 (5th Cir. 1995). Federal Rule of Civil Procedure 26(b)(4) provides:

(A)  A party may depose any person who has been identified as an expert whose opinions may be presented at trial. . . .

(B)  A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

  (C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

FED. R. CIV. P. 26(b)(4). "Rule 26(b)(4)(C) applies to both parties, not just to the prevailing party." *La. Power & Light*, 50 F.3d at 333 (holding that district court erred in failing to award the losing as well as the prevailing party Rule 26(b)(4)(C) fees). Because SBC sought to depose Sajadi, SBC should pay the expert fees. McGaughey's objection to the $1,190.00 sought for SBC's deposition of Sajadi is granted.

  McGaughey objects to SBC's charges of $2,269.67 for copying expenses, arguing that the charges are excessive. Costs of photocopies obtained for use in the litigation are recoverable on proof of necessity. 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The party seeking costs need not "identify every xerox copy made for use in the course of legal proceedings," but must demonstrate some connection between the costs incurred for the copies and the litigation. *Fogelman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). The Fifth Circuit has held that "multiple copies of relevant documents may not be charged to an opponent" but that a court may properly award the "cost of preparing a single set of documents in a case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). SBC submitted one $308.85 invoice for copying showing that two copies were made. (Docket Entry No. 37, Ex. A). SBC may recover as costs the charges for only one copy, or $154.43.

The charge for $2,364.38 for copies and redwelds shows that 15,531 copies were made. (Docket Entry No. 37, Ex. B). It does not show that each document was copied more than once. But as to these copies, SBC has not explained what documents were copied or why the copies were "necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991). SBC's motion for summary judgment, motion to strike, its replies to the responses, and its exhibits for those motions and replies, amounted to fewer than one thousand pages. (Docket Entry Nos. 23, 24, 27, 28). Because SBC has not shown why copying 15,531 pages of unspecified documents, in addition to its other copies, was necessary for the case, McGaughey's objection as to the $2,269.67 is granted.

McGaughey objects to the $623.35 SBC incurred in recovering McGaughey's evaluation records, arguing that they were not necessary or reasonable. McGaughey does not specify the evaluation records to which she objects. SBC has detailed its costs for obtaining McGaughey's employment, education, and medical records, and SBC has also submitted the corresponding invoices. McGaughey alleged that she was demoted from her supervisory position on the basis of race discrimination and retaliation and that she suffered posttraumatic stress disorder as a result of these circumstances and events. The records SBC recovered were relevant and reasonably necessary to defending against McGaughey's allegations. McGaughey's objection as to these costs is denied.

McGaughey objects to the $1,733.00 for the videotape deposition taken of her,

arguing that it was not necessary or reasonable.[1] The Fifth Circuit has previously held that 28 U.S.C. § 1920 does not authorize recovery of costs for the videotape of a deposition in addition to the stenographic copy. *Migis v. Pearl Vision, Inc*., 135 F.3d 1041, 1049 (5th Cir. 1998); *see also Van v. Anderson*, 66 Fed. Appx. 524, at *2 (5th Cir. Ap. 14, 2003). In *Migis*, the court held that section 1920 only allows for the recovery of fees for the court reporter for a stenographic transcript of a deposition; "[t]here is no provision for videotapes of depositions." 135 F.3d at 1049. McGaughey's objection is granted as to the $1,733.00 for McGaughey's videotaped depositions.

McGaughey also argues that SBC did not file a proof of payment with the bill of costs and that McGaughey's costs were less than one third of SBC's. The invoices SBC submits provide sufficient proof of the costs it incurred. That McGaughey's expenses were less does not preclude SBC's recovery of those expenses authorized by 28 U.S.C. § 1920.

Defendant SBC Communications is awarded costs in the amount of $6,271.96.

SIGNED on July 28, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] McGaughey lists the cost of the videotaped depositions as $1,733.10. The invoices show that it was $1,733.00.